UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSHUA EVERITT PRUEITT,<br><br>                Plaintiff,<br><br>    v.<br><br>COLUMBIA RIVER MENTAL HEALTH SERVICES, | CASE NO. 3:25-cv-05299-KKE-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, Joshua Everitt Prueitt, is detained at the Multnomah County Jail in Portland Oregon. On April 8, 2025, he filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis (IFP)*. Dkts. 1, 4. After granting the IFP application, the Court reviewed Plaintiff's complaint under 28 U.S.C. § 1915A, declined to serve the complaint and directed Plaintiff leave to file an amended pleading by **May 12, 2025**. Dkt. 5. Although the Court advised Plaintiff his complaint would be dismissed if he did not file an amended complaint curing the deficiencies the Court identified, Plaintiff has not responded. The Court further notes that its Order declining service and directing amendment of the complaint was sent to both the Multnomah County Jail and an alternative address that Plaintiff provided.

As Plaintiff has not filed an amended complaint, the Court recommends the complaint he filed on April 8, 2025 be **DISMISSED** with prejudice.

REPORT AND RECOMMENDATION - 1

## BACKGROUND

In the complaint filed on April 8, 2025, Plaintiff alleges he is a pretrial detainee held at the Multnomah County Inverness Jail in Portland, Oregon. He names Columbia River Mental Health Services, located in Vancouver, Washington, as the sole defendant. Dkt. 4. Plaintiff alleges on or around November 1 to November 30, 2024, he was "overdosed" by an employee of Defendant Columbia River Mental Health. *Id.* Plaintiff alleges he is prescribed 90 milligrams of methadone, and that when he walked into Defendant's clinic, he was given what he believed to be his prescribed dose of methadone. *Id.* He states after he had taken the methadone a nurse came running out to tell him that she had "messed up and double dosed" Plaintiff giving him 180 milligrams of liquid methadone instead of 90 milligrams. *Id.*

Plaintiff states he left the clinic and went to his father's house and was subsequently picked up by a van to take him to the Powerhouse Detox Facility where he was scheduled to check in. *Id.* Plaintiff alleges that on the drive he began feeling something was wrong and started nodding in and out. *Id.* He states he walked into the Powerhouse Detox Facility lost consciousness, and when he woke up, he was told he had overdosed, and staff administered medication to save his life. *Id.*

Plaintiff alleges the nurse at the Defendant's clinic was negligent and seeks declaratory relief and damages in the amount of $5,000,000.00 from Defendant. *Id.*

## DISCUSSION

The Court is required to review complaints filed by prisoners seeking relief against a governmental entity or employee. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is

REPORT AND RECOMMENDATION - 2

immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). The Court has reviewed Plaintiff's complaint and recommends it be dismissed for the following reasons.

**A.     Lack of State Action**

Plaintiff filed a complaint under 42 U.S.C. § 1983. To state a claim for relief, he must thus show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Plaintiff's complaint alleges an unnamed nurse employed by the Defendant Columbia River Mental Health Services negligently provided him too much methadone causing him to overdose. Dkt. 4. Plaintiff fails to allege facts showing the nurse, employed by Defendant

REPORT AND RECOMMENDATION - 3

Columbia River Mental Health Services, was acting under color of state law for purposes of §1983 liability.

A defendant has acted under color of state law where he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). A plaintiff "suing a private individual under § 1983 must demonstrate that the private individual acted under color of state law; plaintiffs do not enjoy [constitutional] protections against private conduct abridging individual rights." *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (internal citations and quotation marks omitted).

"The mere fact that a [private actor] is subject to state regulation does not by itself convert its action into that of the state for purposes of the Fourteenth Amendment." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 350 (1974); *Johnson v. Knowles*, 113 F.3d 1114, 1120 (9th Cir. 1997). For non-state entities, "[a]ction under § 1983 has been permitted only when there has been a significant involvement of the state in the specific activity complained of." *Chrisman v. Sisters of St. Joseph of Peace*, 506 F.2d 308, 313 (9th Cir. 1974). "Even if a private institution, such as a hospital, accepts financial support from the state and federal government and is subject to state regulation, that does not necessarily 'justify the conclusion that its conduct, which is unaffected by such support or regulation, is governed by § 1983.'" *Yesilevsky v. Redmond*, 2020 WL 4370957 (C.D. Cal. April 1, 2020) (quoting *Chrisman*, 506 F.2d at 313 (concluding that plaintiff patient could not state a claim under § 1983 against defendant private hospital for refusal to sterilize patient because defendant was not acting under color of state law)).

The United States Supreme Court has set out "four tests for determining whether a private individual's actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test." *Franklin*, 312

REPORT AND RECOMMENDATION - 4

F.3d at 445; *Johnson*, 113 F.3d at 1118 (noting that although the § 1983 "under-color-of-state-law requirement is technically separate from the Fourteenth Amendment's state-action requirement, the two inquiries are closely related" and because plaintiffs "are required to establish state action for purposes of their constitutional claims, we treat the under-color-of-state law requirement and the state-action requirement as equivalent.").

Under the public function test, when the State endows a private individual or a group with powers or functions that are "governmental in nature", the individual or group becomes an agency or instrumentality of the State subject to the State's constitutional limitations. *Lee v. Katz*, 276 F.3d 550, 554-55 (9th Cir. 2002). The "relevant question is not simply whether a private group is serving a 'public function,' but rather it "is whether the function performed has been 'traditionally the *exclusive* prerogative of the State.'" *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982) (citations omitted, italics in original) (concluding that the state's legislative decision to provide services for maladjusted high school students at public expense "in no way makes these services the exclusive province of the State.").

"Under the joint action test, courts examine whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Franklin*, 312 F.3d at 445 (international citations and quotation marks omitted). That is to say, under this test a private party will be found to be acting under color of state law when it conspires with state officials to deprive others of constitutional rights. *See Tower v. Glover*, 467 U.S. 914, 920 (1984). "To prove a conspiracy between the state and private parties under [§] 1983, [a plaintiff] must show an agreement or meeting of the minds to violate constitutional rights." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc) (citations and internal quotation marks omitted).

REPORT AND RECOMMENDATION - 5

Under the governmental compulsion test the Court considers "whether the coercive influence or 'significant encouragement' of the state effectively converts a private action into a government action." *Kirtley v. Rainey*, 326 F.3d 1088, 1094 (9th Cir. 2003).

Finally, under the nexus test, the Court considers whether there is a "sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Jackson*, 419 U.S. at 351; *Johnson*, 113 F.3d at 1120.

Here, Plaintiff fails to set forth any facts establishing Columbia River Mental Health Services is itself a state entity and has failed to allege any facts demonstrating that it, or its employees, are acting under color of state law under any of the tests outlined above. As Plaintiff has not alleged facts sufficient to show a person or entity acting under color of state law violated his constitutional rights, he has failed to state a claim upon which relief can be granted. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state § 1983 claims).

**B.     Lack of Constitutional Violation**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must also show he suffered a violation of a right protected by the Constitution or created by federal statute. Here, Plaintiff alleges the unidentified nurse was "negligent" and fails to identify a Constitutional right that was allegedly violated by Defendant's actions. Plaintiff does allege negligence but a "mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Gordon v. County of Orange* ("Gordon I"), 888 F.3d 1118, 1124–25 (9th Cir. 2018) (internal quotation marks omitted). Rather, "[t]he indifference to medical needs must be substantial; a constitutional violation is not established by negligence or 'an inadvertent

REPORT AND RECOMMENDATION - 6

failure to provide adequate medical care.'" *Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995) (quoting *Estelle*, 429 U.S. at 105–06). Accordingly, Plaintiff's claim the nurse was negligent does not state a claim upon which relief may be granted in a § 1983 action and should be dismissed.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, Plaintiff should not file a notice of appeal in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **May 27, 2025.** The Clerk shall note the matter for **May 30, 2025**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 13th day of May, 2025.

BRIAN A. TSUCHIDA
United States Magistrate Judge